**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evanston Insurance Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Hearthstone of Sun City, LLC; et al.,<br><br>　　　　Defendants.<br>_____<br><br>Lexington Insurance Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Hearthstone of Sun City, LLC; et al.,<br><br>　　　　Defendants.<br>_____ | No. CV-08-1632-PHX-FJM<br>No. CV-09-0109-PHX-MHM<br><br>**ORDER** |

The court has before it the Hearthstone defendants' motion to consolidate this case with Lexington Ins. Co. v. Hearthstone of Sun City, LLC, et al., CV-09-0109-PHX-MHM, ("Lexington") (doc. 44), Evanston Insurance Company's ("Evanston") objection (doc. 60), and the Hearthstone defendants' reply (doc. 66). Lexington does not object to consolidation.

Under Rule 42(a), Fed. R. Civ. P., a court may consolidate actions involving a common question of law or fact. In exercising our discretion under Rule 42(a), we will weigh the saving of time and effort achieved through consolidation against any

1  inconvenience, delay, or expense that consolidation would cause. <u>Huene v. United States</u>,
2  743 F.2d 703, 704 (9th Cir. 1984).

3  The two actions subject to the present motion to consolidate arise from the same set
4  of operative facts.  Evanston filed the declaratory judgment action presently before us
5  seeking a declaration that it has no duty to defend or indemnify the Hearthstone defendants
6  under its professional and general liability insurance policy with respect to the Ernico
7  litigation.  Evanston's policy was in effect from  January 30, 2006 to January 30, 2007.
8  Lexington filed a separate declaratory judgment action, also seeking a declaration that it has
9  no duty to indemnify or defend the Hearthstone defendants under its professional and general
10 liability policy with respect to the Ernico claim.  Lexington's policy was in effect from
11 January 30, 2007 to January 30, 2008.  <u>See</u> <u>Lexington</u> complaint ¶ 17.  On January 29, 2007,
12 the Hearthstone defendants sent a "claims log" to both Evanston and Lexington, ostensibly
13 notifying them of the Ernico claim.  Both insurance companies have denied coverage for the
14 Ernico claim.

15 In support of their motion to consolidate, the Hearthstone defendants contend that
16 virtually all of the evidence relevant to the <u>Evanston</u> action is also relevant to the <u>Lexington</u>
17 action.  They claim that both matters involve common parties and common questions of law
18 and fact.  They contend that the defenses are interrelated, and that agents and employees of
19 each entity will likely be called as witnesses in both actions.  The Hearthstone defendants
20 argue that the facts and law in each matter are so closely intertwined that the jury need only
21 apply the same set of facts to each policy in order to determine which policy, if any, covers
22 the Ernico claim.

23 We agree that consolidation is appropriate.  Essentially, both actions involve a
24 question of coverage for the same claim under two consecutive claims-made liability policies
25 issued to the same defendant.  Both actions arise from substantially the same transaction,
26 involve substantially the same parties, and call for determination of substantially the same
27 questions of law.  <u>See</u> LRCiv 42.1.  Both matters are at roughly the same stage of
28 preparedness. Discovery in the present case closes on August 14, 2009.  No Rule 16 order

1 has been entered in <u>Lexington</u>. No discovery has been propounded in either case. We
2 conclude that consolidation will avoid substantial duplication of labor and will not result in
3 delay or prejudice.

4     Therefore, **IT IS ORDERED GRANTING** the Hearthstone defendants' motion to
5 consolidate <u>Lexington</u>, CV-09-0109-PHX-MHM, with the instant matter for all further
6 proceedings (doc. 44).

7     On March 2, 2009, we entered a Rule 16 scheduling order in <u>Evanston</u> (doc. 52).
8 Because these cases are now consolidated, that order will also apply to the <u>Lexington</u> matter,
9 with the following modifications with respect to the <u>Lexington</u> parties only: (1) initial
10 disclosures shall be made no later than April 15, 2009; (2) motions to amend the complaint
11 and join additional parties shall be filed no later than May 1, 2009; (3) plaintiff shall disclose
12 expert witnesses no later than May 15, 2009; (4) defendants shall disclose expert witnesses
13 no later than June 15, 2009; and (5) the parties shall disclose rebuttal expert testimony no
14 later than July 15, 2009. The remainder of the <u>Evanston</u> Rule 16 scheduling order (doc. 52)
15 will be fully applicable to all <u>Lexington</u> parties.

16     DATED this 7th day of April, 2009.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge