1   **WO**

2

3

4

5                           **NOT FOR PUBLICATION**

6                   IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Evanston Insurance Company,            )   No. CV-08-1632-PHX-FJM
                                           )   No. CV-09-0109-PHX-MHM
10            Plaintiff,                    )
                                           )   **ORDER**
11  vs.                                    )
                                           )
12  Hearthstone of Sun City, LLC; et al.,  )
                                           )
13            Defendants.                   )
                                           )
14  _____ )
                                           )
15  Lexington Insurance Company,           )
                                           )
16            Plaintiff,                    )
                                           )
17  vs.                                    )
                                           )
18  Hearthstone of Sun City, LLC; et al.,  )
                                           )
19            Defendants.                   )
                                           )
20  _____ )

21

22          We now have before us defendants Hearthstone of Sun City, HSC Property, LLC,

23  Unispec Facilities Management, LLC, and Pamela Tyler's ("Hearthstone defendants")

24  motion for leave to amend their answer (doc. 62), plaintiff's response (doc. 75), and the

25  Hearthstone defendants' reply (doc. 77).

26          Evanston filed this declaratory judgment action seeking a declaration that it has no

27  duty to defend or indemnify the Hearthstone defendants against claims in the Ernico

28  litigation under its professional and general liability insurance policy (the "policy").  The

1  Hearthstone defendants now seek leave to amend their answer in order to assert

2  counterclaims of breach of contract and breach of the covenant of good faith and fair dealing

3  (insurance bad faith). Evanston objects to the motion to amend, contending that the proposed

4  bad faith claim is futile because it is barred by the statute of limitations. Evanston does not

5  challenge the addition of the breach of contract counterclaim.

6      The Evanston insurance policy provided coverage for claims made during the policy

7  period of January 30, 2006 to January 30, 2007. On January 29, 2007, one day before the

8  policy was to expire, Hearthstone sent Evanston a "claim long" containing 112 "claims or

9  possible claims," including a notation regarding Henry Ernico. On January 30, 2007,

10  Evanston issued the denial of acceptance of the claim log as sufficient notice to trigger

11  coverage under the policy. Almost a year later, on December 6, 2007, the Hearthstone

12  defendants were served with notice of the Ernico litigation.

13      The parties agree that an insurance bad faith claim is subject to a two-year statute of

14  limitations in Arizona. See Taylor v. State Farm Mut. Auto. Ins. Co., 185 Ariz. 174, 179,

15  913 P.2d 1092, 1097 (1996); A.R.S. § 12-542. They disagree, however, as to when the bad

16  faith cause of action accrued. Evanston argues that the bad faith claim accrued on January

17  30, 2007, when the Hearthstone defendants received an unequivocal denial of coverage of

18  the Ernico claim. Because the present motion for leave to amend the answer was not filed

19  until April 1, 2009—more than two years after the claim accrued—Evanston argues that the

20  bad faith claim is barred by the statute of limitations and the proposed amendment is futile.

21  We disagree.

22      Accrual of a bad faith claim under § 12-542 "requires not only an alleged 'wrong' but

23  also injury." Manterola v. Farmers Ins. Exchange, 200 Ariz. 572, 576, 30 P.3d 639, 643 (Ct.

24  App. 2001). In other words, the limitations period does not begin to run "until an actionable

25  wrong exists, that is, a tort that results in appreciable, non-speculative harm to the plaintiff."

26  Id. (alterations omitted).

27      The Hearthstone defendants contend that although Evanston issued its denial of

28  coverage on January 30, 2007, they suffered no appreciable harm at that time. Any injury

1    to the Hearthstone defendants was speculative at best, and may never have materialized.

2    Instead, the Hearthstone defendants did not suffer an appreciable, non-speculative injury as

3    a result of Evanston's denial of coverage until the Ernico claim was filed against them on

4    December 6, 2007.  It was not until this date that the Hearthstone defendants had knowledge

5    of both the alleged wrongful conduct, as well as the fact of damage.  See CDT, Inc. v.

6    Addison, Roberts & Ludwig, CPA, PC, 198 Ariz. 173, 176, 7 P.3d 979, 982 (Ct. App. 2000).

7    (holding that negligence that results in no immediate harm delays accrual of the cause of

8    action until damage is sustained).

9           We conclude that the statute of limitations on the bad faith claim did not begin to run

10   until December 6, 2007, when the Hearthstone defendants learned that they were named as

11   defendants in the Ernico litigation.  Because their motion to amend their answer was filed

12   within two years of that date, their claim is neither time-barred nor futile.

13          Therefore, **IT IS ORDERED GRANTING** the Hearthstone defendants' motion to

14   amend their answer (doc. 62).

15          DATED this 28th day of May, 2009.

16

17

18

19

20   _____

21                    Frederick J. Martone
                      United States District Judge

22

23

24

25

26

27

28

- 3 -