1  **WO**
2
3
4
5                          **NOT FOR PUBLICATION**
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| Evanston Insurance Company,                   )  | No. CV-08-1632-PHX-FJM |
|                                               )  | No. CV-09-0109-PHX-FJM |
|         Plaintiff,                            )  |  |
|                                               )  | **ORDER** |
| vs.                                           )  |  |
|                                               )  |  |
| Hearthstone of Sun City, LLC; et al.,         )  |  |
|                                               )  |  |
|         Defendants.                           )  |  |
| _____        )  |  |
|                                               )  |  |
| Lexington Insurance Company,                  )  |  |
|                                               )  |  |
|         Plaintiff,                            )  |  |
|                                               )  |  |
| vs.                                           )  |  |
|                                               )  |  |
| Hearthstone of Sun City, LLC; et al.,         )  |  |
|                                               )  |  |
|         Defendants.                           )  |  |
|                                               )  |  |
| _____        )  |  |

Lexington Insurance Company seeks a declaration that it has no duty to defend or indemnify the Hearthstone defendants under its general and professional liability insurance policy ("Policy") with respect to a state court action filed against Hearthstone by the Ernico defendants ("Ernico litigation"). Lexington contends that the Policy does not provide coverage for the Ernico litigation due to the Policy's prior acts exclusion provision. We granted summary judgment in favor of Lexington with respect to Hearthstone's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing

1  (doc. 124). Lexington's claim for declaratory judgment was then tried to the court without
2  a jury. Having considered all of the evidence, testimony, and exhibits, we now make the
3  following findings of fact and conclusions of law pursuant to Rule 52(a), Fed. R. Civ. P.

4  Evanston Insurance Company issued a claims-made policy providing professional and
5  general liability insurance coverage to Hearthstone of Sun City, a care facility for elderly
6  individuals. The Evanston policy had an effective date of January 30, 2006 to January 30,
7  2007. Lexington issued a claims made policy effective January 30, 2007 to January 30,
8  2008. There was no lapse in insurance coverage.

9  Henry Ernico was a resident at the Hearthstone facility from November 19, 2006 to
10 January 16, 2007. On January 29, 2007, one day before the Evanston policy was to expire,
11 Hearthstone sent Evanston and Lexington a "Possible Claim Reporting Log" containing 112
12 "claims or possible claims," including a notation for Henry Ernico—"Unavoidable wound
13 progression, son is an attorney, he has requested form to obtain medical records. Have not
14 rec'd formal request to date." Exhibit 3 (hereinafter referred to as the "2007 Claims Log").
15 Mr. Ernico died in February 2007, approximately one month after his discharge from
16 Hearthstone. His family filed a lawsuit against the Hearthstone defendants on November 9,
17 2007, asserting claims of negligence, wrongful death, and vulnerable adult abuse and neglect.
18 Both Evanston and Lexington denied coverage under their respective policies and filed
19 declaratory judgment actions, which were consolidated into the present action. Evanston and
20 the Hearthstone defendants reached a settlement of all claims and Evanston was dismissed
21 from the case on December 14, 2009. The only remaining issue is whether Lexington has
22 a duty to defend and indemnify Hearthstone under the Policy.

23 The Lexington Policy provides that Lexington will indemnify Hearthstone for
24 damages it is required to pay "resulting from a medical incident arising out of professional
25 services provided by any Insured" during the coverage period. Exhibit 1. There is no dispute
26 that the Ernico litigation arises from a "medical incident" that occurred during the coverage
27 period. The Lexington policy also contains a "prior acts exclusion" which provides:
28    We will not defend or pay claims for:

1. Prior Acts

> Any liability arising out of acts, errors or omissions of which an Insured had knowledge prior to the inception date of the policy period, if, as of such date, an Insured could reasonably foresee a claim might result.

Id.

On January 29, 2007, one day before the Evanston policy was to expire, Glenn de Souza, the principal officer of Hearthstone, emailed Steve Shawbel, an Evanston claims representative, the January 2007 Claims Log, which contained the entry for Henry Ernico. Mr. de Souza wrote "Claims reporting" in the subject line and stated, "I have attached two logs of claims and potential claims for [Hearthstone]. Please let me know if you have any questions about these claims." Exhibit 2.

On December 6, 2007, Hearthstone was served with a summons in the Ernico litigation. On that same day, Glenn de Souza sent a letter to Doug Nelson, Hearthstone's insurance agent, asking him to tender the claim to Lexington and stating, "We also recommend tendering the claim to our former carrier (Evanston Insurance Company) who was notified of this claim near the end of our policy period." Exhibit 6.

The only factual issue remaining in this case is whether, prior to the inception of the Lexington Policy, Hearthstone foresaw or could have reasonably foreseen that a claim might result from the Ernico incident. That issue turns on an objective test and is based only on the facts that Hearthstone was aware of prior to the inception of the Lexington Policy.

Hearthstone's principal officer, Glenn de Souza testified that Hearthstone maintained the claims log for the purpose of notifying the insurer of actual or possible claims. When Mr. de Souza submitted the 2007 Claims Log to the insurance carriers he specifically described them as "claims and potential claims." Although Hearthstone suggested at trial that the notation regarding Henry Ernico on the 2007 Claims Log was solely due to the fact that Mr. Ernico's son had requested medical records for the purpose of transferring his father to another facility, the evidence showed that the Ernico notation was more than a mere medical records request. Indeed, the Ernico notation specifically identified a potentially serious medical issue—a wound progression. It is undisputed that Hearthstone was aware that Mr.

Ernico suffered a wound progression prior to the inception of the Lexington Policy. Hearthstone was thus aware of this potential error or omission that might result in liability. Hearthstone's view that the wound progression was "unavoidable" might be relevant to its defense of an eventual claim, but would not affect whether a claim might result.

Lexington's expert testified that based on the standard industry practice, an insured is generally required to report any incident, event, act, or failure to act that might result in a claim. The expert also testified that it is common practice in the healthcare industry that before an insured transitions to a new insurance carrier, it will assemble and submit to its current carrier a list of any acts or incidents that it believes might result in a claim. According to the expert, in the vast majority of cases, the first carrier will cover any claim that arises from those reported acts or incidents.

The 2007 Claims Log was expressly labeled a "Possible Claim Reporting Log." Exhibit 3. Mr. de Souza testified that he created and communicated the claims log in order to fulfill Hearthstone's obligation to notify its insurance carrier of claims and possible claims. This practice was consistent with the practice in the industry. The testimony and exhibits also demonstrated that when Hearthstone notified Lexington of the Ernico lawsuit, it specifically stated that Evanston had been previously notified of the claim. Exhibit 6.

Based on the evidence and testimony presented at trial, we conclude that Lexington has satisfied its burden of showing that the prior acts exclusion applies to the claims made against the Hearthstone defendants arising from the Ernico litigation. Lexington has demonstrated that prior to the inception of the Policy, Hearthstone foresaw or could have reasonably foreseen that the Ernico incident might result in a claim. Therefore, based on the prior acts exclusion, the Lexington Policy does not provide coverage for the claims related to the Ernico litigation.

We have previously stated that one of the defendant insurance companies was responsible for coverage of the Ernico litigation. We consolidated the cases to avoid inconsistent results and to ensure that one of the insurance companies would be held liable.

Hearthstone, however, chose to settle with Evanston, thereby eliminating their opportunity for coverage under the Evanston policy.

Based on the foregoing, the clerk shall enter final judgment in favor of Lexington.

DATED this 8th day of April, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge